UNITED STATES DISTRICT
COURT SOUTHERN
DISTRICT OF FLORIDA CASE
NO. 24-60865-CIV-DAMIAN

**DONGGUAN**
**SAIENCHUANGKE**
**TECHNOLOGY CO., LTD.,**

Plaintiff,
v.
**THE INDIVIDUALS,**
**PARTNERSHIPS AND**
**UNINCORPORATED**
**ASSOCIATIONS IDENTIFIED ON**
**SCHEDULE "A,"**
Defendants.
_____/

## MOTION FOR DISMISS

The defendant, Zhangyueyuan, Furu Donghai, SHUHEYAN KSR, KYM MLSMYXGS and LIN&BABAY Direct, (collectively "Defendant" hereafter), by and through their undersigned counsel, pursuant Fed. R. Civ. P. 12(b), hereby request that this Court dismiss the case for lack of jurisdiction and states as follows:

## LEGAL STANDARD

In Malletier v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013), the 11th Circuit ruled:

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir.2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990) (internal quotation marks omitted). The burden, however, does not shift back to the plaintiff when "the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir.2006).

See Malletier v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013). In *Malletier v. Mosseri*, 736 F.3d 1339, 1357-58 (11th Cir. 2013), the 11th Circuit explained:

> We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment *anywhere* the website can be accessed.*See Toys "R" Us,*318 F.3d at 453–54;*see also be2 LLC v. Ivanov,*642 F.3d 555, 558–59 (7th Cir.2011) (concluding that there was insufficient evidence that the defendant, operator of a dating website which made user accounts freely available, purposefully availed himself of doing business in Illinois); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,*334 F.3d 390, 400–01 (4th Cir.2003) (concluding that the Illinois defendant's semi-interactive website alone did not create personal jurisdiction in Maryland because the overall content of the defendant's website had a strongly local character emphasizing its "mission to assist *Chicago-area* women in pregnancy crises").

*Malletier v. Mosseri*, 736 F.3d 1339, 1357-58 (11th Cir. 2013)

"Where no part of the alleged tortious activity occurs within Florida, Florida has no personal jurisdiction over the out-of-state defendants." Canadian Steel Fabricators, Ltd. v. Garner, Case No.: 11-20039-CV-HUCK/BANDSTRA, at *6 (S.D. Fla. Sep. 22, 2011), citing Freedom Sav. & Loan Ass'n v. Ormandy & Assocs., 479 So. 2d 316 (Fla. 5th DCA 1985).

## MEMORANDUM OF LAWS AND ARGUMENT

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

In the instant case, Plaintiff alleged that each of the defendants, including the five defendants herein, targeted sales from Florida residents. See the Complaint, ECF No. 1, p. 2,

¶ 4. However, the mere operation of an interactive website alone does not give rise to purposeful availment *anywhere* the website can be accessed. *Malletier v. Mosseri*, 736 F.3d 1339, 1357-58 (11th Cir. 2013).

Plaintiff also pleaded that each of defendants has sold infringing products to residents of Florida. See the Compl., ECF No. 1, p. 2, ¶ 4. However, when asked by Defendants to provide evidence of infringement, Plaintiff provided the evidence of the five Defendants that five Defendants' products' check-out page indicated a shipping address of 2700 GALVIN DR, Elgin, IL 60124-7816, an address bearing no relationship with Florida. *See* the last page of each of Exhibit "A" through "E" for the check-out evidence provided by Plaintiff; *see also* attached Liu's Declaration for receiving the evidence from Plaintiff.

When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

"Where no part of the alleged tortious activity occurs within Florida, Florida has no personal jurisdiction over the out-of-state defendants." Canadian Steel Fabricators, Ltd. v. Garner, Case No.: 11-20039-CV-HUCK/BANDSTRA, at *6 (S.D. Fla. Sep. 22, 2011), citing Freedom Sav. & Loan Ass'n v. Ormandy & Assocs., 479 So. 2d 316 (Fla. 5th DCA 1985).

In the instant case, as Plaintiff provided no evidence proving the personal jurisdiction, Defendants request that this Court dismiss the case in its entirety.

WHEREFORE, The defendant, Zhangyueyuan, Furu Donghai, SHUHEYAN KSR, KYM MLSMYXGS and LIN&BABAY Direct, by and through their undersigned counsel, pursuant Fed. R. Civ. P. 12(b), hereby request that this Court dismiss the case for lack of

jurisdiction.

Dated: July 23, 2024

/s/ Jianyin Liu
Jianyin Liu, Esq.
The Law Offices of James Liu P
LLC 9010 SW 25th St Unit 1,
Miami, FL 33165
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ ECF on July 23, 2024.

/s/ Jianyin Liu