UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-60865-CIV-DAMIAN

DONGGUAN SAIENCHUANGKE
TECHNOLOGY CO., LTD.,

Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIA-
TIONS IDENTIFIED ON SCHEDULE "A,"
Defendants.
_____/

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

The defendant, Furu Donghai with Seller ID： A 2 TQHLR 4 J 5 AXBR, Doe 48 in Plaintiff's Schedule A ("Defendant" hereafter), by and through their undersigned counsel, hereby responds in opposition to Plaintiff's Motion for and Preliminary Injunction ("Response" hereafter) per Order [DE 50] and states as follows:

**LEGAL STARDARD**

District Courts within this Circuit hold that the standards for granting a temporary restraining order and a preliminary injunction are identical. *See Emerging Vision, Inc. v. Glachman*, Case No. 10-cv-80734, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010) (citing *Siegel v. LePore*, 120 F. Supp. 2d 1041 (S.D. Fla. 2000) *aff'd* 234 F.3d 1163 (11th Cir. 2000)). In order to obtain a temporary restraining order or a preliminary injunction, a party must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not

granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets).

When determining whether to grant a preliminary injunction, the court takes "all of the well-pleaded allegations in a movant's complaint and uncontroverted affidavits filed in support of the motion for preliminary injunction" as true." *Alabama v. United States Dep't of Commerce*, 546 F.Supp.3d 1057, 1063 (M.D. Ala. 2021) (quoting *Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976)). "Additionally, the court may consider supplemental evidence, including hearsay, submitted by the parties." *Id.* (citing *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995)).

"In other words, if [defendants] raise a `substantial question' concerning validity, enforceability, or infringement (i.e. assert a defense that [plaintiff] cannot show `lacks substantial merit') the preliminary injunction should not issue." *Abbott Laboratories v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007), quoting *Abbott Laboratories v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007) (quoting *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

"Where no part of the alleged tortious activity occurs within Florida, Florida has no personal jurisdiction over the out-of-state defendants." *Canadian Steel Fabricators, Ltd. v. Garner*, Case No.: 11-20039-CV-HUCK/BANDSTRA, at *6 (S.D. Fla. Sep. 22, 2011), citing *Freedom Sav. & Loan Ass'n v. Ormandy & Assocs.*, 479 So. 2d 316 (Fla. 5th DCA 1985).

## ARGUMENTS AND MEMORANDUM OF LAWS

### A. <u>Plaintiff Will NOT Likely to Succeed on Its Claims.</u>

*1. Plaintiff Admitted that the Ball Shaped Water Ball Is Not a Patentable Feature of '139 Patent.*

Plaintiff alleged that Defendant infringed its design patent US D 1,026,139S ("'139 Patent" hereafter) in its complaint in the instant case. However, in its prior document as will be shown below submitted by Plaintiff to USPTO on April 10, 2023 during the process of its application of '139 Patent, it admitted that only the wavy pattern shall be the new feature that warrants a design patent.

The main description of '139 Patent is "FIG. 1 is a first perspective view of a water ball in a closed state in accordance with my new design, wherein the water ball can hold water therein when the water ball is played," "FIG. 7 is a top view of the water ball of FIG. 1," and "FIG. 9 is a perspective view of the water ball of FIG. 1 in an open state." *See* Exhibit "A" for Plaintiff's '139 Patent. Fig. 1, 7 and 9 of '139 Patent are juxtaposed below in Figure A of this Response.



*Figure A: Fig. 1, 7 and 9 of the '139 Patent.*

The United States Patent and Trademark Offices (USPTO) examiner denied the application of '139 Patent by citing a prior art utility patent US4212460 ("'460 Patent") that also used a ball-shaped design with two half spheres connected together for water ball sports, as basis of rejection of the application of putative '139 Patent. *See* Exhibit "C," Non-Final Rejection issued by the USPTO on March 14, 2023, p. 7. Below in Figure B is the screenshot from the on-final rejection, comparing the '460 Patent and Plaintiff's putative '139 Patent. Figure C shows the two half spheres design of the '460 Patent.





*Figure B: Comparison of Utility Patent US6,416,430B2 and '139 Patent for Wall Ball.*




*Figure C: Half-Sphere Design of '460 Patent.*

In the Non-Final Rejection of the '139 Patent when comparing with '460 Patent (1980), the USPTO examiner found the following facts and denied the application, and stated:

> The appearance of Kraft is substantial the same as that of the claimed design. See e.g., <u>International Seeway Trading Corp. v. Walgreen Corp</u>, 589 F.3d 1233, 1237-38, 1240, 93 USPQ2d 1001 (Fed. Cir. 2009) and MPEP § 1504.02.

*See* Exhibit "C," Non-Final Rejection issued by the United States Patent and Trademark Offices (USPTO) on March 14, 2023, p. 5, ¶ 3.

In Plaintiff's response to the Non-Final Rejection dated April 10, 2023, Plaintiff argued that:

> In reply, the Applicant has converted the wavy patter of broken lines to solid lines. After the amendment, the appearance of the claimed design is very different from that of Kraft. Rejection thereto is therefore obviated.

*See* Exhibit "D," Applicant's Argument in Response to Non-Final Rejection, p. 1, ¶ 7.

In its argument above, Plaintiff did not argue the ball shapes and the design of two hemispheres of the '460 Patent and the putative '139 Patent were the same, or substantially the same. In other words, Plaintiff expressly admitted that the ball-shaped water ball with two hemispheres was from or the same as the prior art '460 Patent. Plaintiff argued that only with patentable new features of the thin wavy pattern, Plaintiff petitioned to the USPTO that '139 Patent shall be a new design.

In *International Seaway Trading Corp. v. Walgreens Corp.*, 599 F. Supp. 2d 1307, 1313-14 (S.D. Fla. 2009), this Court explained the test for validity of a design patent, which exacted a high threshold for a design patent to be claimed a valid one:

> This litigation involves the validity of a design patent. Black's Law Dictionary defines a design patent as "[a] patent granted for a new, original, and ornamental design for an article or manufacturer; a patent that protects a product's appearance or nonfunctional aspects." *Black's Law Dictionary* 1147 (7th Ed. 1999). As such, a design patent protects

the ornamental aspects of a design and the patented design need not have any practical utility. *In re Nuijten,* 500 F.3d 1346, 1357 n. 9 (Fed. Cir. 2007); *OddzOn Prods. v. Just Toys,* 122 F.3d 1396, 1404 (Fed. Cir. 1997). For a design patent to be valid, it must show "a high degree of uniqueness, ingenuity and inventiveness" demonstrating "greater skill than that exercised by the ordinary designer who is chargeable with knowledge of the prior art." *General Time Instruments Corp. v. U.S. Time Corp.,* 165 F.2d 853, 854 (2nd Cir. 1948); *Stein v. Mazer,* 204 F.2d 472, 474 (4th Cir. 1953).

*International Seaway Trading Corp. v. Walgreens Corp.*, 599 F. Supp. 2d 1307, 1313-14 (S.D. Fla. 2009).

Apparently, a shape of rounded ball and the two half-ball design is so common that it does not afford "high degree of uniqueness, ingenuity and inventiveness," demonstrating "greater skill than that exercised by the ordinary designer who is chargeable with knowledge of the prior art. *Id.*

With '460 Patent as the prior art of water ball before the '139 Patent, Plaintiff is not able to claim the ball shape and half-ball design as its uniquely protected intellectual property of design patent in this Court, as Plaintiff also expressly admitted so. *See supra*.

Secondly, the ball shape and the two hemispheres were claimed by the '460 Patent as functions of the patent. *See* Exhibit "B," p. 4, left column, ¶ 1, where it states that "[t]he present invention relates to water-filled game toys and, more particularly, to a resealable two-part hollow body filled with water." A design patent protects only non-functional aspects of a product. *Walgreens Corp.*, 599 F. Supp. 2d 1307, at 1313-14. The two half-ball design, most likely is functional to connect the two hemispheres, as utilized in most ball-shaped packages, not deserving an enforceable ornamental design patent in this Court. In addition, the design of two half balls is not novel at all. In the history of thousands of years, it has been used widely in all areas of our life. For example,

Christmas decoration balls. *See* Figure D below. On eBay, the design of two-half balls for Christmas decoration can be traced at least twenty years ago.



*Figure D: Christmas Decoration Balls*



*Figure E: Chinese Medicine Package*

In fact, all Chinese medicine, if soft, would always be packaged in two half balls that can be opened in the middle. *See* Figure E above for one example. Such design can be traced back at least a few hundreds years ago, as common sense. Plaintiff is not able to claim the two half-ball design as its unique and invention.

Therefore, Plaintiff's potential argument for its '139 Patent shall be limited to the wavy pattern design on the water ball, at most, if not obvious. *See* Figure A: Fig. 1, 7 and 9 of '139 Design Patent.

However, Defendant did not infringe such design. *See* below Figure F for comparison from Plaintiff's own Response to Motion to Dissolve Preliminary Injunction [DE 29], p. 4, at the

top of the page.



*Figure F: Comparison of Plaintiff and Defendant' Design.*

Defendant's designs were made of solid color. It did not adopt the design of wavy pattern as shown in Plaintiff's '139 Patent. *See* above Figure F, *Comparison of Plaintiff and Defendant's Design*.

No ordinary observer would confuse the design of Defendant, which is of solid colors from that of Plaintiff's fully thin wavy pattern with closed circle, taking north and south poles of the ball as centers of the circles. *See Delta T, LLC v. Dan's Fan City, Inc.*, No. 8:19-cv-1731-VMC-SPF, at *8-9 (M.D. Fla. June 4, 2021), citing *Sun-Mate Corp. v. Koolatron Corp.*, No. CV 10-4735-JST (JCGx), 2011 WL 3322597, at *10 (C.D. Cal. Aug. 1, 2011) ("The Court finds that there remain genuine issues of material fact as to whether under the ordinary observer test the designs of Koolatron's coolers and Plaintiff's patents are substantially the same.").

Thus, Defendant did not infringe the alleged '139 Design Patent.

### 2. Alternatively, Plaintiff's '139 Patent Is Invalid.

As analyzed above, the ball shape and the two hemispheres' design are not unique and

inventive that warrant an enforceable design patent before this Court. See <u>International Seaway Trading Corp. v. Walgreens Corp.</u>, 599 F. Supp. 2d 1307, 1313-14 (S.D. Fla. 2009). If Plaintiff wanted to enforce the features of ball shape and two half-ball design, then the '139 Patent is not valid.

Meanwhile, '139 Patent is not valid given the prior art of '460 Patent that was published in 1980. See Exhibit "B."

**B. Substantial Question on Validity and Infringement.**

"In other words, if [defendants] raise a `substantial question' concerning validity, enforceability, or infringement (i.e. assert a defense that [plaintiff] cannot show `lacks substantial merit') the preliminary injunction should not issue." *Abbott Laboratories v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007), quoting *Abbott Laboratories v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007) (quoting *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

Here, Defendant raised substantial questions on the validity and/or infringement of '139 Patent. In Section A above of this Response, Plaintiff expressly admitted that if without a wavy pattern, Defendant in fact did not infringe the '139 Patent, according to Plaintiff's reply to the USPTO Non-Final Rejection dated March 14, 2023. See Exhibit "D," Plaintiff's Response to Non-Final Rejection, dated April 10, 2023, p. 1, ¶ 7.

Defendant also raised substantial questions on the validity of the '139 Patent, as the ball shape and two hemispheres' design is not inventive what warranted protection of intellectual property in this Court.

**C. This Court Lack Jurisdiction In the Instant Case Against Defendant.**

Plaintiff relied on Exhibit "E" demonstrate to the Court that there was an infringement occurred in Florida that warranted this Court to take the instance case for the Defendant. However, from the last page of Exhibit "E," the check-out address for the Defendant was in Elgin, IL 60124. In other words, none of the tortious activities alleged in Florida did not occur in Florida.

"Where no part of the alleged tortious activity occurs within Florida, Florida has no personal jurisdiction over the out-of-state defendants." *Canadian Steel Fabricators, Ltd. v. Garner*, Case No.: 11-20039-CV-HUCK/BANDSTRA, at *6 (S.D. Fla. Sep. 22, 2011), citing *Freedom Sav. & Loan Ass'n v. Ormandy & Assocs.*, 479 So. 2d 316 (Fla. 5th DCA 1985).

**D. Conclusion.**

Plaintiff's motion for preliminary injunction shall not be granted, with Defendant's apparent non-infringement and this Court's lack of general and personal jurisdiction over Defendant, as well as the substantial question into the validity of '139 Patent of Plaintiff.

Dated: July 23, 2024

/s/ Jianyin Liu
Jianyin Liu, Esq.
The Law Offices of James Liu P LLC
9010 SW 25th St Unit 1,
Miami, FL 33165
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ECF on July 23, 2024.

/s/ Jianyin Liu