UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60865-CIV-DAMIAN/Valle

DONGGUAN SAIENCHUANGKE
TECHNOLOGY CO., LTD.,

  Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

  Defendants.
_____/

### OMNIBUS ORDER ON MOTIONS TO DISMISS [ECF NOS. 24, 59, 88, 106]

**THIS CAUSE** is before the Court following a Hearing held on December 11, 2024 [ECF No. 155 (the "December 11th Hearing")], at which counsel for Plaintiff, Dongguan Saienchuangke Technology Co., Ltd. ("Plaintiff"), counsel for Defendants WHDPETSCares, YZL123, Granze Tech, and Hiliop Reusable (the "Thornburg Defendants"), counsel for Defendants Zhangyueyuan, Furu Donghai, SHUHEYAN KSR, KYM MLSMYXGS, and LIN&BABAY Direct (the "Liu Defendans"), and counsel for Defendant Shenzhen Seven Stars Education Technology Co. Ltd. DBA P&C-Direct ("P&C-Direct") (collectively, "Defendants"), appeared before the undersigned to address the following Motions:

- Thornburg Defendants' Motion to Dismiss [ECF No. 24], filed July 3, 2024;
- Liu Defendants' Motion to Dismiss [ECF No. 59 (the "Liu Defendant's First Motion")], filed July 23, 2024;
- P&C-Direct's Motion to Dismiss [ECF No. 88], filed August 6, 2024; and

- The Liu Defendants' Motion to Dismiss for Misjoinder [ECF No. 106 (the "Liu Defendant's Second Motion")], filed August 23, 2024 (collectively, the "Motions").

THE COURT has considered the Motions, the pertinent portions of the record, and the applicable law and is otherwise fully advised.

## I. BACKGROUND

On May 22, 2024, Plaintiff filed a Complaint alleging patent infringement under the Leahy-Smith America Invents Act, 35 U.S.C. § 100, *et seq.*, against entities listed on Schedule "A." *See generally* Compl. [ECF No. 1]. Plaintiff, owner of U.S. Design Patent No. D1,026,139 ("Plaintiff's Patent"), alleges the Defendant entities are selling unlicensed products infringing on Plaintiff's federally registered patent for a reusable water balloon. Compl. ¶¶ 7, 10, 12; Ex. 1 to Compl. [ECF No. 1-1]. Plaintiff's Patent was registered with the United States Patent and Trademark Office, confirming its legal protection. *See generally* Ex. 1 to Compl.

The Complaint asserts Defendants, based in China, operate several Amazon storefronts ("Seller Aliases") targeting U.S. consumers, including those in Florida, through fully interactive commercial platforms. Compl. ¶¶ 2, 4. Defendants allegedly sell products resembling Plaintiff's Patent, which Plaintiff alleges include identical wavy lines, symmetrical design, and other features. *Id.* ¶¶ 8–9. Plaintiff claims Defendants are part of an interrelated group acting in concert willfully infringing Plaintiff's Patent, using nearly identical product images and descriptions, such as "Reusable Water Balloons" and "Self-Sealing." *Id.* ¶¶ 10, 14.

According to Plaintiff, Defendants use fictitious names, addresses, various payment methods, offshore bank accounts, and multiple Amazon storefronts to conceal their

operations and avoid liability. *Id.* ¶ 15, 17–18. The Complaint claims Defendants' actions constitute willful infringement, causing irreparable harm. *Id.* ¶¶ 19–21.

Since the filing of the Complaint, Defendants P&C-Direct, the Liu Defendants, and the Thornburg Defendants have filed four Motions to Dismiss, arguing, except for the Liu Defendants' First Motion, that the Complaint fails to support joinder under 35 U.S.C. § 299(a). *See generally* ECF Nos. 24, 88, 106. P&C-Direct's Motion further contends the Complaint is a shotgun pleading. [ECF No. 88 at 11]. The Liu Defendants' First Motion argues lack of personal jurisdiction on grounds the mere operation of an interactive website does not establish personal jurisdiction over them, citing an absence of Florida-specific targeting and an Illinois shipping address in Plaintiff's evidence. [ECF No. 59 at 2–3; ECF Nos. 59-1 at 13, 59-2 at 13, 59-3 at 13, 59-4 at 13, 59-5 at 13].

## II. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal pursuant to a Rule 12(b)(6)

motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Hishon*, 467 U.S. at 73).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings are impermissible as they "fail . . . to give the [parties] adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. However, just because a claim incorporates preceding paragraphs or facts does not mean the claim is a shotgun pleading that should be dismissed.

### III. DISCUSSION

As stated above, of the Defendants that have appeared and filed Motions to Dismiss, all of them argue that joinder is not appropriate in this case. Before considering the issue of misjoinder and whether the Complaint constitutes a shotgun pleading, the Court briefly dispenses with the Liu Defendants' argument that the Court lacks personal jurisdiction over them.

#### A. *Personal Jurisdiction Over The Liu Defendants*

Both the United States Constitution and Florida's long-arm statute forbid a defendant from being forced to defend themselves in the courts of a particular state unless that state can

properly exercise personal jurisdiction over the defendant. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citation omitted). Thus, a federal court engages in a two-step inquiry in ruling on a motion to dismiss for lack of personal jurisdiction. "First, it must determine whether the exercise of jurisdiction is appropriate under the state long-arm statute. Second, it must determine whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343 (S.D. Fla. 2017) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp.*, 556 F.3d at 1274); *see also Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (noting plaintiff has the burden of establishing a prima facie case of personal jurisdiction, and "[a] prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict" (internal quotation marks omitted) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990))).

Where a defendant challenges personal jurisdiction in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and submits evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier*, 288 F.3d at 1269. The plaintiff must then "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (quoting *Bloom v. A. H. Pond Co.*, 519 F. Supp. 1162, 1168 (S.D.

5

Fla. 1981)).

The Court finds that the Complaint's allegations establish a *prima facie* case of jurisdiction over Defendants. *See Louis Vuitton*, 736 F.3d at 1351 (citation omitted). However, based on the evidence submitted with their First Motion to Dismiss—that is, exhibits of the alleged Infringing Products' check out pages and their counsel's declaration—the Court concludes that the Liu Defendants sufficiently challenge personal jurisdiction because the evidence indicates that, if anything, these Defendants' alleged infringing conduct (the selling of water balloons identical to Plaintiff's Patent design) was directed to Illinois and *not* Florida.

Instead of producing evidence in response to the Motion to Dismiss to substantiate the jurisdictional allegations, Plaintiff, as noted by the Liu Defendants in their Reply [ECF No. 91 at 2–3], merely reiterates the factual allegations in the Complaint. *See Polski Linie*, 795 F.2d at 972. Thus, under this framework, Plaintiff fails to establish the Court's personal jurisdiction over the Liu Defendants.

Nevertheless, Plaintiff's contention that personal jurisdiction is separately established *vis-a-vis* Rule 4(k)(2) merits a closer look. This section provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> > (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> >
> > (B) exercising jurisdiction is consistent with the United States Constitution and laws.

*Id.* As the Eleventh Circuit has explained,

> Rule 4(k)(2) permits a court to aggregate a foreign defendant's nationwide contacts to allow for service of process provided that two conditions are met: (1) plaintiff's claims must "arise under federal law;" and, (2) the exercise of jurisdiction must be "consistent with the Constitution and laws of the United States."

6

*Fraser v. Smith*, 594 F.3d 842, 848–49 (11th Cir. 2010) (quoting *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). It is undisputed that the Liu Defendants were served with a summons and Complaint and that Plaintiff's claims arise under federal law. *See* 35 U.S.C. § 100, *et seq.* Therefore, the relevant inquiry is "whether the exercise of federal jurisdiction over [Defendants] would be consistent with the requirements of the Fifth Amendment's Due Process Clause." *Fraser*, 594 F.3d at 849.

The Eleventh Circuit has similarly explained that "a district court's exercise of general personal jurisdiction under Rule 4(k)(2) requires a showing of continuous and systematic contacts between the defendant and the relevant forum—here, the United States." *Id.* In this context, a review of the Complaint's allegations reveals that Defendants' contacts are continuous and systematic in relation to the nation as a whole. As specified in the Complaint, "Defendants directly target[] business activities toward consumers *in the United States* . . . through at least the fully interactive, commercial Seller Alias." Compl. ¶ 4. The Complaint also alleges that "Defendants . . . operat[e] online stores that offer shipping *to the United States* . . . and accept payment in U.S. dollars." *Id.* (emphasis added).

These nationwide contacts are unrefuted by any Defendants and, accordingly, support the exercise of personal jurisdiction over them. Thus, despite the unavailability of personal jurisdiction under Florida's long-arm statute, Plaintiff is correct that Rule 4(k)(2) separately provides for the exercise of personal jurisdiction over all of the Defendants. For this reason, this Court finds that the exercise of personal jurisdiction over the Defendants is proper, and, therefore, the Liu Defendants' First Motion is due to be denied.

The Court next considers whether joinder is permissible based on the Complaint's allegations.

### B. *Whether The Complaint Sufficiently Alleges That Joinder Is Proper.*

In patent cases, joinder is governed by 35 U.S.C. § 299, which provides that "parties that are accused infringers may be joined in one action as defendants" only where:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

§ 299(a). Similarly, Federal Rule of Civil Procedure 20(a)(2) provides in pertinent part:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*Id.*

Notably, § 299(a)'s joinder provision, which requires that the transaction or occurrence relate to making, using, or selling the same accused product or process, is more stringent than Rule 20. *See KPR U.S., LLC v. LifeSync Corp.*, No. 22-CV-60468, 2023 WL 4156693 (S.D. Fla. June 24, 2023) (Strauss, M.J.); *see also Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV, 2014 WL 11906632, at *1 (S.D. Fla. Mar. 17, 2014) (Altonaga, C.J.) ("Section 299's language makes joinder in patent cases more difficult than traditional joinder under Rule 20."); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013) (observing that the American Invents Act ("AIA") "adds a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process."). Additionally, "[i]n adopting the majority construction of Rule 20 by passage of the AIA, Congress recognized, simply alleging that Defendants manufacture or sell similar products does not support joinder

under Rule 20." *Atlas IP, LLC*, 2014 WL 11906632, at *1 (internal quotation marks and citation omitted).

Based upon a review of the Defendants' Motions to Dismiss, the Responses and Replies thereto, the applicable law, and with the benefit of argument by the parties' counsel at the December 11th Hearing, the Court is not persuaded that the Complaint sufficiently alleges that each Defendant's conduct is logically connected to any other Defendant's conduct such that the Court can determine that each Defendant's conduct arises out of the same transaction or occurrence or series of transactions or occurrences related to the making, use, or sale of *the same accused product or process*.

The Complaint alleges that Defendants are an "interrelated group of infringers" acting in concert to willfully manufacture, use, offer for sale, sell, and/or import the Infringing Products. Compl. ¶ 14. The Complaint states that Defendants use similar or identical product images or descriptions, including the phrases "Reusable Water Balloons," and "Self-Sealing." *Id.* ¶¶ 10, 14. The Complaint further alleges that Defendants employ similar tactics, such as creating new Amazon store fronts and online accounts to mitigate potential liability. *Id.* ¶ 15.

The problem with the Complaint's allegations of connectivity in this regard is that these allegations are broad, conclusory allegations that do not establish a sufficient commonality among the allegedly Infringing Products and the Defendants to permit joinder. *See Atlas IP, LLC*, 2014 WL 11906632 at *2; *see also, e.g.*, *Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (concluding the plaintiffs had asserted "broad, conclusory allegations of connectivity" in alleging that defendants concurrently employed and benefitted from "substantially similar advertising and marketing strategies" based upon the defendants' infringements of the plaintiffs' mark); *Tang*

9

*v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332 (N.D. Ill. Jan. 4, 2024) (holding plaintiff's allegations were insufficient to justify the joinder of multiple defendants in a single lawsuit where plaintiff claimed that the defendants were part of a network of infringers, and the court found no substantial overlap in the evidence or factual connections between the claims against each defendant, indicating that the infringement was by independent sellers of similar products, as opposed to the coordinated, mass infringement).

At bottom, the Complaint boils down to a claim that Defendants infringed on Plaintiff's Patent in the same way and fails to put forward facts to support the allegations that Defendants' infringements arise out of the same transaction, occurrence, or series of transactions or occurrences related to the use, import, or sale of the same accused product as the other Defendants' alleged infringements.

Furthermore, P&C-Direct's arguments that the Complaint constitutes a shotgun pleading are well-taken. The Complaint fails to satisfy Rule 8, as the claims "indiscriminately lump[] all . . . Defendants together, without articulating the factual basis for each Defendant's liability." *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015) (internal quotation marks omitted).

The Court nevertheless retains discretionary authority concerning whether to sever Defendants. *See Atlas IP, LLC*, 2014 WL 11906632, at *2 ("[U]nder [Federal Rule of Civil Procedure 21], a district court has broad discretion when deciding whether to sever claims and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness."). In light of the preceding discussion and the parties' arguments on the record at the December 11th Hearing, and given the current stage of this case, it is the

10

Court's view that the most prudent course of action is to dismiss the Complaint with leave to amend, rather than severing Defendants from this action. However, Defendants are not precluded from raising the issue of misjoinder following the filing of an Amended Complaint if that pleading again fails to satisfy § 299.

## IV. CONCLUSION

Accordingly, for the reasons set forth above and as further detailed on the record during the December 11th Hearing [ECF No. 155], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Thornburg Defendants' Motion to Dismiss [**ECF No. 24**] is **GRANTED**;

2. The Liu Defendants' First Motion to Dismiss [**ECF No. 59**] is **DENIED**;

3. P&C-Direct's Motion to Dismiss [**ECF No. 88**] is **GRANTED**;

4. The Liu Defendants' Second Motion to Dismiss for Misjoinder [**ECF No. 106**] is **GRANTED**;

5. The Complaint [**ECF No. 1**] is **DISMISSED WITHOUT PREJUDICE**;

6. Plaintiff shall file an Amended Complaint on or before **January 3, 2025**; and

7. Plaintiff shall serve initial disclosures upon Defendants on or before **January 3, 2025**.

It is further

**ORDERED AND ADJUDGED** as follows:

1. **By December 13, 2024**, Plaintiff shall determine whether the most recent subpoena served upon Amazon is compliant with Magistrate Judge Valle's Order on Defendants' Motions to Quash [ECF No. 146]. If not, Plaintiff shall send a proposed amended subpoena that complies with Magistrate Judge Valle's Order to Defendants prior to

serving it on Amazon. Plaintiff shall also inform Defendants how Plaintiff plans to communicate to Amazon its obligations with regard to the compliant subpoena;

2. **By January 17, 2025**, Defendants shall file with the Court a schedule on claim construction briefing, including proposed deadlines for the opening claim construction brief, the responsive claim construction brief, and, if needed, a proposed date for a *Markman* hearing.

Although this written Order is executed this 17th day of December 2024, the Court announced its rulings on the record at the Motions Hearing held on December 11, 2024 [ECF No. 155], and, thus, this Order is effective as of December 11, 2024.

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 17th day of December 2024.

                                                   **MELISSA DAMIAN**
                                                   **UNITED STATES DISTRICT JUDGE**

CC: Counsel of Record