UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-60865-CIV-DAMIAN

DONGGUAN SAIENCHUANGKE
TECHNOLOGY CO., LTD.,

Plaintiff,
v.
THE INDIVIDUALS, PARTNER-
SHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"
Defendants.
_____/

## RULE 12(B) MOTION TO DISMISS

The defendant, Zhangyueyuan, Furu Donghai, SHUHEYAN KSR, KYM MLSMYXGS and LIN&BABAY Direct, (collectively "Defendants" hereafter) pursuant Fed. R. Civ. P. 12(b), hereby request that this Court dismiss the Amended Complaint [DE 159] against Defendants for lack of personal jurisdiction and state as follows:

### LEGAL STANDARD

In Malletier v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013), the 11th Circuit ruled:

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir.2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990) (internal quotation marks omitted). The burden, however, does not shift back to the plaintiff when "the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir.2006).

See Malletier v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013). In *Malletier v. Mosseri*, 736 F.3d 1339, 1357-58 (11th Cir. 2013), the 11th Circuit explained:

> We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment *anywhere* the website can be accessed.*See Toys "R" Us,*318 F.3d at 453–54;*see also be2 LLC v. Ivanov,*642 F.3d 555, 558–59 (7th Cir.2011) (concluding that there was insufficient evidence that the defendant, operator of a dating website which made user accounts freely available, purposefully availed himself of doing business in Illinois); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,*334 F.3d 390, 400–01 (4th Cir.2003) (concluding that the Illinois defendant's semi-interactive website alone did not create personal jurisdiction in Maryland because the overall content of the defendant's website had a strongly local character emphasizing its "mission to assist *Chicago-area* women in pregnancy crises").

*Malletier v. Mosseri*, 736 F.3d 1339, 1357-58 (11th Cir. 2013).

"Where no part of the alleged tortious activity occurs within Florida, Florida has no personal jurisdiction over the out-of-state defendants." Canadian Steel Fabricators, Ltd. v. Garner, Case No.: 11-20039-CV-HUCK/BANDSTRA, at *6 (S.D. Fla. Sep. 22, 2011), citing Freedom Sav. & Loan Ass'n v. Ormandy & Assocs., 479 So. 2d 316 (Fla. 5th DCA 1985).

**MEMORANDUM OF LAWS AND ARGUMENT**

Plaintiff pleaded no different ground for personal jurisdiction against Defendants in the Amended Complaint [DE 159] from that in the Complaint [DE 1]. *See* the Am. Compl., ¶¶ 8-12 and the Compl. [DE 1], p. 2, ¶ 4. Thus, Defendants incorporate all their argument in Motion to Dismiss for Lack of Personal Jurisdiction [DE 59] into this Motion.

In the Omnibus Order on Motion to Dismiss [ECF No. 24, 59, 99, 106], (the "Order" hereafter), this Court found that "Plaintiff fails to establish the Court's personal jurisdiction over the Liu Defendants." See the Order, ECF No. 157, p. 6, ¶ 3. However, the Court found that Plaintiff may establish personal jurisdiction over Defendants under Rule 4(k)(2) that provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

*Id.*

All five Defendants are Amazon sellers. See Exhibit "A" all through to "E" for the infringing evidence provided by Plaintiff, ECF No. 59-1, 59-2, all through to 59-5. For every Amazon seller, when it starts selling on Amazon, Amazon mandates that it must agree to the jurisdiction of multiple states including Washington State. "The Amazon Services Business Solutions Agreement is an agreement all sellers who want to sell on Amazon must electronically sign when they register." See SellerCentral.Amazon.com, *What is section three of the Amazon Services Business Solutions Agreement?,* last visited Jan. 9, 2025. "By signing it, they are agreeing to follow all rules as an Amazon seller." *Id.* In the most recent Amazon Business Solution Agreement, a seller must agree to the following jurisdiction terms:

> The Governing Laws will govern this Agreement, without reference to rules governing choice of laws or the Convention on Contracts for the International Sale of Goods. If the Elected Country is the United States, Canada, or Mexico, **Amazon and you both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court**, except that (i) either party may elect to proceed in a small claims court that is a Governing Court if your claims qualify; (ii) you or we may bring suit in the Governing Courts, submitting to the jurisdiction of the Governing Courts and waiving our respective rights to any other jurisdiction, to enjoin infringement or other misuse of intellectual property rights; and (iii) we may bring any claims related to your sale of counterfeit products on the Amazon Site in the Governing Courts or the court of your domicile or habitual residence and seek any remedy available under law related to those claims. **There is no judge or jury in arbitration, and court review of an arbitration award is limited. However, an arbitrator can award the same damages and relief as a court (including injunctive and declaratory relief or statutory damages), and must follow the terms of this Agreement as a court would.** Before you may begin an arbitration proceeding, you must

send a letter notifying us of your intent to pursue arbitration and describing your claim to our registered agent, CSC 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501. The arbitration will be conducted by the American Arbitration Association (AAA) under its commercial rules. The expedited procedures of the AAA's rules will apply only in cases seeking exclusively monetary relief under $50,000, and in such cases the hearing will be scheduled to take place within 90 days of the arbitrator's appointment. For all cases, the AAA commercial fee schedule governs the payment of all filing, administration and arbitrator fees. The underlying award in the arbitration may be appealed pursuant to the AAA's Optional Appellate Arbitration Rules. **Amazon and you each agree that any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action.** If for any reason a claim proceeds in court rather than in arbitration **Amazon and you each waive any right to a jury trial**.

See Exhibit "A," Amazon's Current Business Solution Agreement, p. 12-14, Clause 18, *available* at https://sellercentral.amazon.com/help/hub/reference/G1791, last visited Jan. 9, 2025.

The definition for the Governing Courts is:

**"Governing Courts"** means the applicable one of the following:
- the state or Federal court in King County, Washington (if the Elected Country is Canada, Mexico, or the United States)….

*Id.*, p. 17, ¶ 4.

Thus, Defendants are subject to jurisdiction of the state courts of King County, WA. Plaintiff fails to establish their personal jurisdiction under Rule 4(k)(2)(A), which provides that "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. Civ. R.P. 4(k)(2).

## CONCLUSION

Plaintiff fails to establish any personal jurisdiction over Defendants.

**WHEREFORE**, The defendant, Zhangyueyuan, Furu Donghai, SHUHEYAN KSR, KYM MLSMYXGS and LIN&BABAY Direct, pursuant Fed. R. Civ. P. 12(b), hereby request that this Court dismiss the Amended Complaint [DE 159] against Defendants for lack of personal jurisdiction.

Dated: Jan. 9, 2025

                                                   /s/ Jianyin Liu
                                                   Jianyin Liu, Esq.
                                                   FBN: 1007675
                                                 jamesliulaw@gmail.com
                                                 The Law Offices of James Liu PLLC
                                                 15750 SW 92nd Ave Unit 20C
                                                 Palmetto Bay, FL 33157
                                                 Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on Jan. 9, 2024.

                                                 /s/ Jianyin Liu