UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONGGUAN SAIENCHUANGKE
TECHNOLOGY CO., LTD.,

                Plaintiff,

vs.

WHDPETSCares, KYM MLSMYXGS,
LIN&BABAY Direct, P&C-Direct, YZL123,
SHUHEYAN KSR, Granze Tech,
Zhangyueyuan, Hiliop Reusable WB Direct,
Furu Donghai

                Defendants.

CASE NO. 24-60865-CIV-DAMIAN

DONGGUAN SAIENCHUANGKE
TECHNOLOGY CO., LTD.,

                Plaintiff,

vs.

The Individuals, Partnerships and
Unincorporated Associations Identified On
Schedule "A",

                Defendants.           /

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE PARTIAL LIU
DEFENDANTS' MOTION FOR EXTENSION TO FILE BRIEF [ECF. No. 185]**

Plaintiff Dogguan Saienchuangke Technology Co., Ltd. ("***Plaintiff***"), through its undersigned counsel, hereby responds in opposition to the *Motion for Extension to File Brief* (ECF. No. 185) (the "***Motion***") filed by Defendants KYM MLSMYXGS (Def. No. 3), SHUHEYAN KSR (Def. No. 16), and Furu Donghai (Def. No. 48) (collectively, "***Partial Liu Defendants***").[1] In support of this Response, Plaintiff states as follows.

---

[1] The Motion was only filed in the name of these three defendants notwithstanding that Attorney Liu represents two additional defendants, namely, LIN&BABAY Direct (Def. No. 8) and Zhangyueyuan (Def. No. 24). Whether or not this was deliberate is unclear (but, regardless, is emblematic of the "shotgun" approach to litigation taken by such

1

## I. Introduction

The Partial Liu Defendants missed their claim construction deadlines, and now move for an extension. This Motion should be denied because it does not allege good cause *or* excusable neglect. For example, opposing counsel *explicitly agreed to the claim construction schedule on January 7, 2025 – weeks in advance of the deadline*. Moreover, as explained below, granting the Motion will prejudice Plaintiff. For all of these reasons, the Motion should be denied.

## II. The Motion Does Not Allege Good Cause *or* Excusable Neglect

Rule 6 applies "in computing any time period specified in [the Federal] rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Under Rule 6(b), the "court may, for **good cause**, extend the time…on motion made after the time has expired if the party failed to act because of **excusable neglect**." Fed. R. Civ. P. 6(b) (emphasis added); *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 943-44 (11th Cir. 2015) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause <u>and</u> excusable neglect." (emphasis in original)); *see also* FLSD Local Rule 7.1(a)(1)(J) (requiring good cause).

In the Eleventh Circuit, "good cause" requires showing that "the schedule cannot be met despite the diligence of the party seeking the extension." *Id*. at 944. A Court's determination of what sort of neglect will be considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). The Eleventh Circuit has further explained that in determining whether a party has shown "excusable neglect":

> a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial

---

Defendants in this case. For the Court's convenience, the enumeration of the Defendants used in this Objection is keyed to that used in Plaintiff's October 2, 2024 Status Report (ECF No. 125).

2

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'

*Payne*, 606 F. App'x at 944 (*citing Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)).

Here, the Motion does not allege either good cause or excusable neglect. In total, the Partial Liu Defendants' three sentence Motion merely states:

> The undersigned has [sic] a trial from Jan. 21 to 24, 2025 in Middle District Court of Florida with case No. 22-cv-2774 and 23-cv-1602. Due to the preparation of the trial, the undersigned forgot to check the deadline of filing of the Opening Claim Construction Brief as set forth in the ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE [DE 164], p. 2, which is Jan. 27, 2025. Defendants request that the Court grant the leave to file the brief before Feb. 15, 2025.

Motion at 1-2 (paragraph enumeration removed). The Motion does not allege good cause since there is no showing that the schedule could not "be met despite the diligence of the party seeking the extension." *Payne*, 606 F. App'x at 944. Contrariwise, the facts show that the schedule could have been met with basic diligence. In particular:

(i) on January 7, 2025 – *weeks in advance of the claim construction deadlines* – counsel for the Partial Liu Defendants agreed to a draft scheduling report containing the underlying deadlines (*see, e.g.*, **Exhibit A** hereto containing a printout of the e-mail thread in which counsel provided such agreement);

(ii) on January 17, 2025, the Scheduling Report was filed with the Court (*see* ECF No. 161);

(iii) on January 21, 2025, the Court issued the underlying Scheduling Order (ECF No. 164); and

(iv) on January 27, 2025, both Plaintiff and several Defendants did, in fact, meet the Court's deadlines.

The Motion also fails to show excusable neglect. First, there is a significant "danger of prejudice" to Plaintiff. *Payne*, 606 F. App'x at 944. Both the parties' Scheduling Report (ECF No. 161) and the Court's Scheduling Order (ECF No. 164) contemplated a *simultaneous* claim

construction exchange. This was also done at a relatively early stage in the case in view of the discussion held during the December 11, 2024 hearing. The Partial Liu Defendants are now at a strategic advantage of having seen both Plaintiff's Opening Claim Construction brief (ECF No. 166) and its Responsive Claim Construction brief (ECF No. 178). To allow the Partial Liu Defendants to "sneak a peek" at this briefing before even filing opening claim construction briefs will put Plaintiff at a significant disadvantage. Moreover, as explained in Plaintiff's responsive brief, failing to timely provide a claim construction constitutes a waiver. *See* Plaintiff's Responsive Claim Construction brief (ECF No. 178) at 2 (*citing Constant Compliance, Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 598 F. Supp. 2d 842, 845 (N.D. Ill. 2009) (holding that Defendant waived its right to propose claim construction when it failed to propose construction pursuant to the court's simultaneous briefing order – just as happened here)).

Second, the "length of the delay and its potential impact on judicial proceedings" also weighs against granting the Motion. *Payne*, 606 F. App'x at 944. Even assuming that some part of the long delay were excusable because of opposing counsel's trial (which it is not), the Motion provided no explanation whatsoever for the delay between January 24th (when opposing counsel's trial ended according to the Motion) and February 11th (when the Motion was filed). Granting the Motion would also torpedo the early claim construction schedule desired by the Court as indicated by the December 11, 2024 hearing.

Third and finally, "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" also weighs against granting the Motion. *Payne*, 606 F. App'x at 944. Trials do not come out of nowhere, and there is nothing in the Motion to account for why a trial in one case justifies missing deadlines in another. Moreover, none of the allegations in the Motion have been supported by a declaration, affidavit or

4

other evidence. In effect, the Court is asked to prejudice Plaintiff because opposing counsel neglected his case for weeks. This is unjust and certainly not excusable neglect.

### III.     Conclusion

Based on the above, Plaintiff respectfully requests the Court deny the partial Liu Defendants' Motion. Lastly, as a personal note, the undersigned wishes to express that – as a professional courtesy – the undersigned routinely consents to extensions of time. Here, however, the basis for the Motion is so tenuous and the prejudice to Plaintiff is so great that the undersigned could not consent. The undersigned expressed his concern regarding prejudice to counsel for the Partial Liu Defendants, but was forced to file this opposition after the Motion was nonetheless filed.

DATED: February 12, 2025                Respectfully submitted,

/s/ Luca L. Hickman, Esq.
Luca L. Hickman, Esq.
Florida Bar No. 118731
**DINSMORE & SHOHL LLP**
201 North Franklin Street, Suite 3050
Tampa, FL 33602
Phone: (813) 543-9848
Primary: Luca.hickman@dinsmore.com
Secondary: Frances.gonzalez@dinsmore.com
Secondary: Alexandria.bishop@dinsmore.com

Tianyu Ju, Esq.
California Bar No. 323817 (*Pro Hac Vice*)
**Glacier Law LLP**
251 S Lake Ave, Suite 910
Pasadena, CA 91101
Phone: (626) 663-1199
Primary: iris.ju@glacier.law

*Counsel for Plaintiff Dogguan Saienchuangke Technology Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2025, a true and correct copy of this document was served to all counsel of records via CMF/ECF.

                                        */s/ Luca L. Hickman, Esq.*
                                        Luca L. Hickman, Esq.
                                        Florida Bar No. 118731