UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60865-CIV-DAMIAN/Valle

**DONGGUAN SAIENCHUANGKE
TECHNOLOGY CO., LTD.**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"**

    Defendants.
_____/

### ORDER ON PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER ON DEFENDANTS' MOTIONS TO QUASH [ECF NO. 158]

**THIS CAUSE** is before the Court upon Plaintiff, Dongguan Saienchuangke Technology Co., Ltd.'s ("Plaintiff"), Objection to the Magistrate Judge's Order on Defendants' Motions to Quash [ECF No. 158 (the "Objection")], filed December 19, 2024.

**THIS COURT** has carefully considered the Objection, the Response thereto [ECF No. 197 (the "Response")], the applicable law, and the pertinent portions of the record (*see* ECF Nos. 95, 97, 108, 111, 146) and is otherwise fully advised. For the reasons that follow, this Court finds that the Objection is due to be overruled and the Order affirmed.

### I.    BACKGROUND[1]

On December 5, 2024, U.S. Magistrate Judge Alicia O. Valle entered an Order on Defendants' Motions to Quash. [ECF No. 146 (the "December 5th Order")]. As indicated by

---

[1] This Order assumes the reader is familiar with the case, and consequently contains an abbreviated discussion of the background facts.

its title, the December 5th Order addressed two motions filed by two different groups of Defendants: (1) Defendants, WHDPETSCares, YZL123, Granze Tech, and Hiliop Reusable WB Direct's (collectively, the "Thornburg Defendants"), Motion to Quash Plaintiff's Subpoena Duces Tecum to Amazon and for a Protective Order [ECF No. 95 (the "Thornurg Defendants' Motion to Quash")], and (2) Defendants, Zhangyueyuan, Furu Donghai, SHUHEYAN KSR, KYM MLSMYXGS, and LIN&BABAY Direct's (collectively, the "Liu Defendants"), Motion to Quash Plaintiff's Subpoena Duces Tecum to Amazon and for a Protective Order [ECF No. 97 (the "Liu Defendants' Motion to Quash")].[2]

As Judge Valle set forth in the December 5th Order, in the Motions to Quash, the Defendants collectively argued that Plaintiff's subpoena to Amazon (the "Subpoena")[3] should be quashed because (1) Plaintiff failed to give advance notice and a copy of the Subpoena to Defendants before serving it on Amazon, in contravention to Federal Rule of Civil Procedure 45(a)(4); (2) the Subpoena prematurely seeks discovery before the required Federal Rule of Civil Procedure Rule 26(f) conference; and (3) the Subpoena is overbroad and seeks irrelevant discovery. *See* ECF No. 146 at 4; *see also generally* ECF Nos. 95, 97.[4] In short, in the December

---

[2] At the time this Motion to Quash was filed, the aforementioned five (5) Defendants were represented by attorney Jianyin Liu. *See generally* ECF Nos. 23, 57, 97. The Court notes, however, that on February 14, 2025, Judge Valle entered a Paperless Order [ECF No. 192] granting attorney Liu's unopposed motion to withdraw as attorney for Defendants Zhangyueyuan and LIN&BABAY Direct [ECF No. 189]. As of the writing of this Order, these Defendants have not retained new counsel, in violation of Judge Valle's Paperless Order. Nevertheless, to avoid confusion and for ease-of-reference, this Court refers to these Defendants that jointly filed the Motion to Quash [ECF No. 97] as the "Liu Defendants."

[3] The Subpoena at issue here is included in the record at Docket Entry 95-1.

[4] Only the Thornburg Defendants argued that the Subpoena is overbroad. *See* ECF No. 95 at 3–4.

5th Order, Judge Valle determined that Plaintiff's Subpoena satisfied Rule 45's notice requirement, that discovery prior to the Rule 26(f) conference did not prejudice Defendants, and that the Subpoena is overbroad. *See* ECF No. 146 at 4–7.

Relevant here, with respect to Judge Valle's third finding (that the Subpoena is overbroad), the December 5th Order reasoned:

> Defendants argue that the Subpoena is overbroad and seeks information not relevant to the parties' claims and defenses. More specifically, the Subpoena seeks Amazon's production of all documents "sufficient to demonstrate the exact product sold to the United States by each Defendant under each Amazon ASIN since January 1, 2022," including product descriptions, product images, sales data, and customer reviews. The undersigned finds that, as written, the Subpoena seeks information not relevant to the claims and defenses here regarding Defendants' sales of the water balls.

*Id.* (citation omitted) (citing ECF No. 95-1 at 7). Thus, Judge Valle granted the Defendants' Motions to Quash to the extent the Defendants argued that the Subpoena is overbroad but denied the Motions insofar as they asserted that Plaintiff's Subpoena violates Rules 45(a)(4) and 26(f). *See* ECF No. 146 at 7.

Plaintiff filed the Objection now before this Court on December 19, 2024. *See generally* Obj. Because the Thornburg Defendants failed to timely respond to the Objection, this Court entered an Order requiring that these Defendants file a response by a date certain. *See* ECF No. 175. As a result, the Thornburg Defendants filed a Response to the Objection on February 18, 2025. *See generally* Resp. The Objection is therefore fully briefed and ripe for adjudication.

## II.  LEGAL STANDARDS

A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A non-dispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir.

3

2007). Under the "clearly erroneous" standard, "the [C]ourt will affirm the magistrate judge's order unless the [C]ourt has a definite and firm conviction that error has occurred." *Smoliak v. Greyhound Lines, Inc.*, No. 5:04CV245PSPMAK, 2005 WL 3434742, at *1 (N.D. Fla. Oct. 17, 2005) (citations omitted). "In the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (Graham, J.) (citation and internal quotation marks omitted); *see also Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) ("Clear error is a *highly deferential* standard of review." (emphasis added)). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Furthermore, it is well established that "[t]he standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000).

### III.   DISCUSSION

In the Objection, Plaintiff challenges as clearly erroneous only Judge Valle's conclusion in the December 5th Order that the Subpoena is overbroad, and it does so on three grounds.[5] *Id.* The first two grounds are asserted jointly and appear to overlap. First, Plaintiff argues that Judge Valle's finding as to the Subpoena's scope is clearly erroneous because the Thornburg Defendants' Motion to Quash did not establish that the Subpoena is overbroad by

---

[5] Plaintiff does not expressly argue in its Objection that Judge Valle's conclusion was contrary to law.

4

arguing that good cause existed for a protective order or that the balance of interests weighed in their favor. *See* Obj. at 5.

Second, Plaintiff contends that the December 5th Order is clearly erroneous because the Subpoena seeks solely the production of documents in connection with the specific products sold by Defendants (water balloons) that Plaintiff alleges infringe its patent, not documents related to Defendants' products other than water balloons. *See id.* at 6. In this context, Plaintiff points out that, while the Subpoena seeks the production of documents "sufficient to demonstrate the exact product sold to the United States by each Defendant under each Amazon ASIN," the inclusion of "ASIN"[6] refers, not to all ASINs created by Defendants but, instead, only to the ASINs listed in a separate appendix attached to the Subpoena, which is labeled as "Schedule A." *Id.* (citing ECF No. 95-1 at 8). Plaintiff continues that the Subpoena is not overbroad because it seeks the production of documents associated only with the particular ASINs identified in "Schedule A" and that both the Thornburg Defendants and Judge Valle misinterpreted the scope of the sought-after discovery. *Id.* at 6–7.

---

[6] As observed by Judge Dimitrouleas in *Tiffany (NJ) LLC v. Individuals, Business Entities, and Unincorporated Associations Identified on Schedule "A"*, ASIN stands for "Amazon Standard Identification Number" and represents:

> [A] unique 10-digit alphanumeric identifier Amazon assigns to each product. Sellers can create a variational relationship between products in regards to name, size/count, color, style, scent, etc. When doing so, the ASIN identified in the Product Information/Description segments represents the core product and a different ASIN may be assigned based on variations thereof, as identified in the URLs.

No. 24-60442-CIV, 2024 WL 2132894, at *5 n.4 (S.D. Fla. Apr. 15, 2024).

Lastly, Plaintiff argues that, to the extent the Thornburg Defendants may assert that the Subpoena is overbroad because it seeks documents from before Plaintiff's underlying design patent was issued, the Thornburg Defendants failed to raise that issue before Judge Valle and that, in any event, courts routinely grant pre-issuance patent infringement discovery. *Id.* at 7–9.

The Thornburg Defendants respond that, based on its plain meaning, the Subpoena *was* overbroad and did seek documents relating to all products sold by Defendants, noting that the Subpoena's only reference to "Schedule A" fails to qualify that the requested ASINs only encompass the ASINs listed in "Schedule A." *See* Resp. at 2. The Thornburg Defendants also contend that the Subpoena is overbroad because it requests irrelevant information well before the issuance of Plaintiff's patent. *See id.* at 3–6. This Court considers these arguments in turn.

### A.   *Waiver of Certain Arguments.*

At the outset, it bears noting that two of the arguments raised by the parties have been raised for the first time before this Court. Although not addressed in the Response to the Objection, Plaintiff's argument that the Thornburg Defendants' Motion to Quash does not demonstrate either good cause to quash the Subpoena nor argue that the balance of interests weighs in their favor was raised for the first time in Plaintiff's Objection and not before Judge Valle.[7] Therefore, this Court declines to address that argument, which is not properly before this Court. *See Starks v. United States*, Nos. 09-CIV-22352 & 07-CR-20588, 2010 WL 4192875,

---

[7] In its Response to the Thornburg Defendant's Motion to Quash, Plaintiff argued the Subpoena is appropriate and proportional to the needs of the case. *See* ECF No. 108 at 3–4. Plaintiff did not raise, in the Response, that the Motion to Quash failed to argue that good cause existed to quash the Subpoena or that a balance of interests weighed in these Defendants' favor.

at *3 (S.D. Fla. Oct. 19, 2010) ("Arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a [magistrate judge's order]." (citing *United States v. Cadieux*, 324 F. Supp. 2d 168 (D. Me. 2004))). Indeed, this Court "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Worley v. City of Lilburn*, 408 F. App'x 248, 253 (11th Cir. 2011) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)). And for good reason, too, because "to require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *Williams*, 557 F.3d at 1292). Plaintiff has advanced no reason why it could not have presented to Judge Valle its argument regarding any purported deficiency in the Thornburg Defendants' Motion to Quash, and, thus, this Court will not consider this contention now.

Likewise, this Court will not consider the Thornburg Defendants' argument that the Subpoena is overbroad because it seeks irrelevant, pre-patent-issuance discovery. As Plaintiff correctly points out, this argument was first raised during an in-person hearing held before the undersigned on December 11, 2024 (*see* ECF No. 202 at 21:24–25, 22:1–11) and in the Response to the Objection (*see* Resp. at 3–6).

Therefore, because neither Plaintiff nor the Thornburg Defendants presented these arguments in the briefing regarding the Thornburg Defendants' Motion to Quash, instead raising it for the first time in the briefing as to the Objection, these issues are deemed waived. *See Starks*, 2010 WL 4192875, at *3. This Court next addresses Plaintiff's assertion that the December 5th Order is clearly erroneous because it misinterprets the scope of the Subpoena's request.

7

### B. Whether The Finding In The December 5th Order That The Subpoena Is Overbroad Is Clearly Erroneous.

Turning to Plaintiff's contention that Judge Valle clearly erred in concluding that the Subpoena is overbroad because it seeks information not relevant to the claims and defenses regarding the sale of allegedly infringing products, this Court finds that Plaintiff has not demonstrated that Judge Valle's conclusion is clearly erroneous. The flaw in Plaintiff's argument in this regard is that it presupposes that the Subpoena, as written, unambiguously limits the discovery sought—it does not. This Court agrees with the Thornburg Defendants that the Subpoena hardly references "Schedule A" and in that brief reference to Schedule A, it is not clear that the requested documents associated with Defendants' ASINs should include the ASINs listed in "Schedule A." *See* Resp. at 2.

As Judge Valle found, a plain reading of the Subpoena suggests that it requests production of more than just the documents related to the sale of the allegedly infringing water balloons. This Court agrees and finds that Judge Valle did not clearly err in finding that the Subpoena is overbroad. Moreover, Plaintiff's argument that the Subpoena's request is in fact narrow is undercut by its Response to the Thornburg Defendants' Motion to Quash. *See* ECF No. 108 at 4. In that Response, Plaintiff expressly acknowledges the Thornburg's Defendants' contention that the Subpoena is "overly broad because it includes products *other than* the water ballons at issue." *Id.* at 4 (emphasis added). And Plaintiff makes no effort to clarify that the Subpoena actually seeks discovery limited to the Defendants' sales of water balloons through the specific ASINs included in "Schedule A." *Id.* To the contrary, Plaintiff argues:

> This information could reveal patterns of infringement, establish the scale of operations, and identify other potentially infringing products that are closely related to the claims in this case. The broader context of Defendants' sales can also help establish their intent, knowledge, and conduct, which are relevant to proving the claims of infringement.

8

*Id.* Thus, at least before the Magistrate Judge, Plaintiff did not disagree that the Subpoena seeks discovery related to products other than the water balloons and, instead, argues that the expansive request is permissible. However, for the reasons set forth by Magistrate Judge Valle, the request for documents relevant to products other than the water balloons at issue in this case makes the Subpoena overbroad. Thus, this Court rejects Plaintiff's Objection and finds that Judge Valle did not clearly err in determining that the scope of the Subpoena's document requests is overbroad.

## IV.   CONCLUSION

In sum, after careful review of the December 5th Order, Plaintiff's Objection, and the applicable law, this Court finds that the December 5th Order is neither clearly erroneous nor contrary to law. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Objection to the Magistrate's Judge's Order on Defendants' Motions to Quash [**ECF No. 158**] is **OVERRULED** and Judge Valle's Order on Defendants' Motions to Quash [**ECF No. 146**] is **AFFIRMED**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 9th day of April, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

CC:   Hon. Alicia O. Valle

   Counsel of Record